**STATE of Maine**

v.

**Howard CARTER.**

Supreme Judicial Court of Maine.

Argued Jan. 21, 1982.

Decided April 13, 1982.

Henry N. Berry, III, Dist. Atty., Peter G. Ballou, Deputy Dist. Atty. (orally), Portland, for plaintiff.

Nisbet, MacNichol & Ludwig, Alexander MacNichol (orally), South Portland, for defendant.

Before GODFREY, NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

NICHOLS, Justice.

The Defendant, Howard F. Carter, was indicted on November 7, 1980 in Superior Court (Cumberland County) for manslaughter, 17–A M.R.S.A. § 203 (two counts), and operating under the influence, 29 M.R.S.A. § 1312 (a third count). Seasonably, but unsuccessfully, the Defendant moved to suppress the results of his blood alcohol test on the ground that the test was administered in violation of 29 M.R.S.A. § 1312. After a jury trial, the Superior Court entered a judgment of guilty as to all three counts on April 15, 1981. The Defendant brings the case here, challenging the judgment against him on three grounds. Two concern the admissibility of the results of the blood alcohol test. A third concerns a jury instruction regarding the inferences which may be drawn from blood alcohol test results.

We affirm the judgment.

On October 5, 1980 at approximately 11:30 P.M. a pick-up truck operated by the Defendant, and with Mark Peterson as a passenger, collided with a Volkswagen occupied by Mark Milliken and Marianne Milliken, resulting in the deaths of both Millikens. When the police and nearby residents arrived at the scene they observed the Defendant being assisted out of the Volkswagen, but at trial he conceded he was the operator, not of the Volkswagen, but of the pick-up truck.

The Defendant was transported by the Scarborough Rescue Unit to the Maine Medical Center emergency room for observation. While he was in the waiting room with his mother, the Defendant was approached by a Scarborough police officer and a registered nurse. The officer asked the Defendant "if we could have a blood test." The Defendant replied "he would like to give one." In a private room and in the presence of the Defendant's mother and Officer Balzano, the nurse administered the blood alcohol test of the Defendant. The test result was 0.13%.

On this appeal the Defendant first challenges the Superior Court's admission into evidence of the result of that blood alcohol test as the product of a consent search. We sustain the ruling of the Superior Court. The validity of the Defendant's consent rests upon a finding of voluntariness. *State v. Fredette*, Me., 411 A.2d 65, 68 (1979). Voluntariness, a question of fact, is determined from all the circumstances. *Schneckloth v. Bustamonte*, 412 U.S. 218, 248–49, 93 S.Ct. 2041, 2058–59, 36 L.Ed.2d 854 (1973). The State has the burden of proving voluntariness. *United States v. Mendenhall*, 446 U.S. 544, 557, 100 S.Ct. 1870, 1878, 64 L.Ed.2d 497 (1980).

We review the Superior Court's finding of voluntariness for clear error. *See State v. Fredette*, Me., supra at 68. No

error appears. The words used by the officer were mild. Only two persons approached the Defendant: the officer and a nurse. Neither force nor threat of force was employed against the Defendant. Although the Defendant was not informed that he might decline to take the test, this circumstance does not mandate a finding of lack of voluntariness. *Schneckloth v. Bustamonte*, 412 U.S. at 234, 93 S.Ct. at 2051. Nor is voluntary consent precluded by the influence of intoxicating liquor upon a suspect. *State v. Rhoades*, Me., 380 A.2d 1023, 1026 (1977). We have not overlooked the circumstance that in the collision the Defendant had sustained a cut on his forehead and that he appeared nervous at the time. The totality of the circumstances, however, support the court's finding of voluntariness.

■ Second, the Defendant challenges the admissibility of the blood alcohol test results because the Defendant did not impliedly consent to the test. The Defendant argues that under 29 M.R.S.A. § 1312[1] there can be no implied consent where there is neither an arrest nor probable cause for arresting a suspect. The argument lacks merit. It is uncontested that before the administration of the blood test the Defendant was not under arrest for operating under the influence nor did the State have probable cause for such arrest. The Superior Court did not err in concluding that the implied consent provision of 29 M.R.S.A. § 1312 was inapplicable.

As his third issue on this appeal the Defendant challenges the presiding justice's instruction of the jury on the inference which may be drawn from the result of a blood alcohol test. The presiding justice instructed the jury on the allowable inference from test results set forth in 29 M.R.S.A. § 1312(5)[2]. He then stated that they could use the statutory inference to determine whether the Defendant was under the influence of intoxicating liquor. He also told them that if they should find the Defendant guilty of operating under the influence then they may find the Defendant guilty of criminal negligence.

■ The Defendant argues that the inference may not be used in a prosecution under 29 M.R.S.A. § 1312 where there is no arrest of, nor probable cause to arrest, the Defendant for a violation of that statutory provision. The language in the first unnumbered paragraph of 29 M.R.S.A. § 1312 (1980) which suggests an arrest requirement is a limitation on the right of the

---

1. In 1980, 29 M.R.S.A. § 1312 provided in pertinent part:

   Any person who operates or attempts to operate a motor vehicle within this State shall be deemed to have given consent to a chemical test to determine his blood-alcohol level by analysis of his blood or breath, *if arrested for operating or attempting* to operate a motor vehicle *while under the influence* of intoxicating liquor.

   (emphasis added). P.L.1981, c. 475, effective September 18, 1981, and not applicable in this case, substitutes in Section 1312 "there is probable cause to believe he has operated or attempted" for "arrested for operating or attempting."

2. In 1980, 29 M.R.S.A. § 1312(5) provided:

   A. If there was, at the time alleged, 0.05% or less by weight of alcohol in the defendant's blood, it is prima facie evidence that the defendant was not under the influence of intoxicating liquor.

   B. If there was, at the time alleged, in excess of 0.05%, but less than 0.10% by weight of alcohol in the defendant's blood, it is relevant evidence, but it is not to be given prima facie effect in indicating whether or not the defendant was under the influence of intoxicating liquor within the meaning of this section, but such fact may be considered with other competent evidence in determining whether or not the defendant was under the influence of intoxicating liquor.

   C. If there was, at the time alleged, 0.10% or more by weight of alcohol in the defendant's blood, it is prima facie evidence that the defendant was under the influence of intoxicating liquor within the meaning of this section.

   D. Percent by weight of alcohol in the blood shall be based upon grams of alcohol per one hundred milliliters of blood.

   P.L.1981, c. 468 repeals and replaces the above subsection C. The new provision, effective September 18, 1981 and not applicable in this case, reads:

   C. For purposes of evidence in proceedings other than those arising under section 1312–B or 1312–C, it shall be presumed that a person was under the influence of intoxicating liquor when he has a blood alcohol level of 0.10% or more by weight.

State to take blood or breath tests of the motoring public. *State v. Bellino,* Me., 390 A.2d 1014, 1020 (1978). This suggested requirement, however, does not limit the applicability of the inference set forth in 29 M.R.S.A. § 1312(5).

■ On this issue the Defendant advances the further argument that it is only in cases involving violations of 29 M.R.S.A. § 1312 that the jury may be instructed on the inference which may be drawn from blood alcohol test results. In the Defendant's view, this instruction should not be given in a manslaughter prosecution to permit an inference of criminal negligence.

Significantly, in the case before us the presiding justice did not instruct the jury that they could infer criminal negligence from blood alcohol test results. He instructed them that they could infer negligence from a finding that the Defendant was guilty of operating under the influence of intoxicating liquor. A violation of 29 M.R.S.A. § 1312 is relevant evidence which the fact finders may consider in determining whether the operator of a motor vehicle is guilty of criminal negligence. *See State v. Rhoades, supra* at 1026.

The entry, therefore, must be:

Appeal denied.

Judgment affirmed.

All concurring.