STATE of Maine

v.

Michael GARLAND.

Supreme Judicial Court of Maine.

Argued May 6, 1982.

Decided June 3, 1982.

David M. Cox, Dist. Atty., Gary F. Thorne, Asst. Dist. Atty. (orally), Bangor, for plaintiff.

Libhart, Ferris, Dearborn, Willey & Ferm, N. Laurence Willey (orally), Brewer, for defendant.

Before McKUSICK, C. J., and NICHOLS, ROBERTS, VIOLETTE and WATHEN, JJ.

NICHOLS, Justice.

The Defendant, Michael Garland, was indicted on January 5, 1981, in Superior Court (Penobscot County) for the crime of robbery, 17–A M.R.S.A. § 651, on December 11, 1980. Seasonably, but unsuccessfully, the Defendant moved to suppress the admission of certain evidence including items belonging to the Defendant which the police obtained from Patricia Call. In a trial presided over by another justice of the Superior Court, a jury found the Defendant guilty.

On appeal to this Court the Defendant challenges the denial of his motion to suppress.

We affirm the judgment.

The jury could rationally have found that early on the morning of December 11, 1980, the Defendant and Ricky Waugh entered the home of Lititia Pelkey and Keith Pelkey at 49 Sunbury Avenue, in Bangor. Mrs. Pelkey was alone. The two intruders tied her hands, blindfolded her, sat on her back, threatened her with a screwdriver, and absconded with Mr. and Mrs. Pelkey's valuables.

Later that morning, police officers followed two sets of footprints in the snow which led from the Pelkey residence on Sunbury Avenue to the back door of the residence at 60 Bolling Drive. Officer Michael Hosmer, of the Bangor Police Department, located Patricia Call, the owner of the residence at 60 Bolling Drive, at her mother's home, also in Bangor. He told her of the robbery, and of the footprints leading to her back door. Patricia Call began to cry and said she was afraid. Her mother stated that if Patricia had any information, she wanted Patricia to give it to the police. Thereupon Patricia Call told the officer that a party had taken place at her home the night before; that the Defendant and Ricky Waugh had attended the beginning of the party; that he then had left the

party but subsequently returned to her home in the early morning. The officer then told her that the police had information that some property had been left in her home. However, no one had in fact told the police that the suspects had left property at Patricia Call's house. Patricia Call responded that she would take them to her home to obtain the property. From two closets in her house, Patricia Call retrieved for the police a brown satchel that was later identified as belonging to Pelkey, a pair of sneakers, a vest, and a blue sweatshirt.

■ In its denial of the motion to suppress, the Superior Court did not make, nor did the Defendant request, any specific findings of fact or conclusions of law. On appeal, therefore, we must assume that the presiding justice found in the State's favor on all factual issues essential to his ruling. We review those assumed findings for clear error and conclude that each had a reasonable basis in the record.[1] *See State v. Preble*, Me., 430 A.2d 553, 555 (1981).

■ The record supports a conclusion that the sneakers, sweatshirt, vest, and brown satchel received by the police from Patricia Call were properly admitted into evidence as the products of a consent search. Patricia Call, as a person in lawful possession of the house, had the authority to consent to a search of that house. *See State v. Thibodeau*, Me., 317 A.2d 172, 177–78 (1974). The validity of Patricia Call's consent rests upon a factual finding of voluntariness. *State v. Carter*, Me., 443 A.2d 958, 959 (1982). The totality of circumstances found in the record of the hearing on the motion to suppress supports such a finding. Only one police officer, Michael Hosmer, approached Patricia Call. She had been acquainted with Officer Hosmer for many years. When Officer Hosmer asked her if she had any information about the robbery, Patricia Call was at her mother's home and her mother was present in the

---

1. Although the Defendant might have persuaded the trial justice to reexamine the pretrial denial of the motion to suppress in light of Patricia Call's testimony which was previously unavailable to the Defendant, defense counsel did not seek to reopen the matters decided at the pre-trial ruling on the motion to suppress. *See State v. Curtis*, Me., 399 A.2d 1330, 1333 n.4 (1979); *State v. Hazelton*, Me., 330 A.2d 919, 921 (1975).

room. Before she told the police that property had been left at her house, the officer told her that "she hadn't done anything wrong" and that the police "didn't believe she had done anything wrong." From these circumstances the justice hearing the motion to suppress was justified in finding the requisite voluntariness to make it a consent search.

We have examined other issues raised by the Defendant on this appeal but we find them to be without merit.

The entry is:

Appeal denied.

Judgment affirmed.

All concurring.