**STATE of Maine**

v.

**William LEVESQUE, Jr.**

Supreme Judicial Court of Maine.

Argued June 8, 1984.

Decided Aug. 10, 1984.

Wayne S. Moss (orally), Asst. Atty. Gen., Augusta, for plaintiff.

Shiro & Shiro Law Offices, Burton Shiro (orally), Waterville, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, GLASSMAN and SCOLNIK, JJ.

NICHOLS, Justice.

The Defendant, William Levesque, Jr., appeals from a judgment entered in Superior Court, Kennebec County, following his conviction of rape, 17-A M.R.S.A. § 252. He contends that the evidence was insufficient to support his conviction under the statutory definition of rape.

We disagree and affirm his conviction.

Read in the light most favorable to the State, the evidence adduced at the jury-waived trial reveals the following facts: On August 13, 1982, the complainant attended a barbecue with her husband and three children at the home of a friend in South China. She testified that on the way home, at about 11:30 P.M., she had an argument with her husband who was driving dangerously and drunkenly. Her husband stopped his truck, opened the door, and said that if she did not like his driving she should get out. The complainant did so, and her husband drove off.

After some time, the complainant, barefooted, began to walk to her home, approximately five miles away. She stated that as she reached a dark road at about 2:00 A.M., she began alternately walking fast and running, because she was apprehensive that someone might see her and molest her. Suddenly, she heard somebody running behind her. She screamed, "Oh my God!" and started running as fast as she could. The person behind her caught her by the shoulders and spun her around to face him. "Please don't hurt me. Please don't hurt me," she cried. "I won't hurt you, I just want to screw you," the Defendant responded.

The Defendant took the complainant by the wrist, she said, and led her over a guardrail by the side of the road and down a small embankment. He then pushed her to her knees. The complainant kept entreating, "Please don't hurt me," and the Defendant answered, "I won't hurt you, I just need to have a woman hold me." He put his arms around her. She repeated, "Please don't do this." He said, "I won't; I won't." He hesitated for a moment, then pushed her onto her back. He did not hold her down. At no time did he strike her or use excessive physical force or verbally threaten her. Nevertheless, the complainant related that she offered no physical resistance because the Defendant was

much bigger than she was [1] and she was afraid he would hurt her.

There the Defendant had sexual intercourse with her. All the while the complainant said she was shouting, crying, and telling him that there were policemen down the road, but it did not seem to make any impression on him. No one responded to her cries.

Afterwards, the Defendant began talking with the complainant. He told her his name. He walked her over to a garage and dialed for her the telephone number of her host earlier that evening. After he left, she told her host that she had been raped. She was taken to a hospital, where she was examined by a physician, who found no evidence of physical trauma or force.

On this appeal the Defendant argues that the evidence was insufficient to support his conviction of rape because there was no showing of compulsion.

Rape is thus defined in our criminal code:

1. A person is guilty of rape if he engages in sexual intercourse:

. . . . .

B. With any person, not his spouse, and the person submits as a result of compulsion, as defined in section 251, subsection 1, paragraph E.

17–A M.R.S.A. § 252. The provision referred to in the above statute reads:

E. "Compulsion" means physical force, a threat of physical force or a combination thereof which makes a person unable to physically repel the actor or which produces in that person a reasonable fear that death, serious bodily injury or kidnapping might be imminently inflicted upon that person or upon another human being.

17–A M.R.S.A. § 251(1)(E).[2]

A conviction will be set aside only if, viewing the evidence in the light most favorable to the State, no fact finder could rationally have found the essential elements of the offense beyond a reasonable doubt. *State v. McKenney*, 459 A.2d 1093 (Me.1983). Here, a fact finder could rationally have found beyond a reasonable doubt the presence of compulsion, as defined in the statute. First, it was possible to find that the Defendant used physical force: he grabbed the complainant by the shoulders, spun her around, pulled her over the guardrail, shoved her onto the ground and pushed her legs up. Second, it was possible to find that the Defendant made an implied threat: In the circumstances—the dark, deserted road, the Defendant's sudden pursuit of the complainant, the great disparity in their sizes and apparent strength—the Defendant's statement as he grabbed the complainant could reasonably be construed as a threat of harm if the complainant did not cooperate. Finally, it was possible to find that the combination of physical force and threat of physical force in these circumstances was sufficient to prevent the complainant from physically repelling the Defendant or to instill in her a reasonable fear that the Defendant might imminently inflict on her death, serious bodily injury or kidnapping unless she submitted to his advances.

The Defendant did not request the presiding justice to find the facts specially pursuant to M.R.Crim.P. 23(c). There was nothing in the justice's remarks at sentencing that was inconsistent with a finding that the Defendant employed some physical force and that he conveyed an implied threat of force. Neither did the justice say anything that would rebut the assumption that the fact finder found all the facts necessary to support the verdict. *See State v. Garland*, 445 A.2d 1021, 1022 (Me. 1982); *State v. Cefalo*, 396 A.2d 233, 239 (Me.1979).

---

1. The complainant was about five feet, four inches tall and weighed about 105 pounds, whereas the Defendant was six feet, two inches tall and weighed 170 pounds.

2. Since the Law Court last had occasion to construe the rape statute in *State v. Colson*, 405 A.2d 717 (Me.1979), the Legislature has substantially altered it. *See* P.L.1981, ch. 252, § 1.

The entry is:

Judgment affirmed.

All concurring.