1999 ME 88

**STATE of Maine**

v.

**Martin A. SHOFNER.**

Supreme Judicial Court of Maine.

Submitted on Briefs May 24, 1999.

Decided June 9, 1999.

Geoffrey Rushlau, District Attorney, F. Todd Lowell, Asst. Dist. Atty., Bath, for State.

Nathaniel Hussey, Hallowell, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

CALKINS, J.

[¶ 1] Martin Shofner appeals from a judgment of conviction of reckless conduct with a dangerous weapon (Class C), 17–A M.R.S.A. §§ 211, 1252(4) (1983), entered after a jury trial in Superior Court (Sagadahoc County, *Warren, J.*).  On appeal, Shofner challenges, inter alia, a jury instruction given by the court on the presumption of intoxication established by 29–A M.R.S.A. § 2432 (1996).  Finding no error, we affirm the judgment.

[¶ 2] Shofner was arrested and indicted after an incident in which, after consuming a considerable amount of alcohol, he discharged a firearm at night in the vicinity of a forest ranger.  At trial, a deputy sheriff testified without objection that after arresting Shofner, he administered an intoxilyzer test that revealed Shofner's blood-alcohol level to be 0.16%. The deputy further testified, also without objection, that the legal limit in Maine for operating a motor vehicle is 0.08%, and that Shofner's blood-alcohol level was twice that limit.

[¶ 3] Over Shofner's objection, the trial court instructed the jury that "if you find that the defendant had a blood/alcohol content in excess of .08 percent, you may infer that the defendant was under the influence of intoxicants."  That instruction was based on 29–A M.R.S.A. § 2432(3): "In proceedings other than [OUI prosecutions], a person is presumed to be under the influence of intoxicants if that person has a blood-alcohol level of 0.08% or more."

[¶ 4] Shofner argues that the instruction, derived from a section of the motor vehicle code, was improper in a case not involving a motor vehicle. We have approved jury instructions based on the predecessor to section 2432 to help the jury decide whether a manslaughter defendant acted recklessly or with criminal negligence. *See State v. Herbest,* 551 A.2d 442, 446 (Me.1988); *State v. Carter,* 443 A.2d 958, 960–61 (Me.1982); *State v. Rhoades,* 380 A.2d 1023, 1026 (Me.1977). Those cases all involved motor vehicles. Nothing in those cases or the statute, however, suggests that the presumption of intoxication is only relevant in a case where the defendant was operating a motor vehicle. The inference that a defendant was under the influence of alcohol when he chose to drive is relevant to whether he acted with the recklessness or criminal negligence required for a manslaughter conviction. *See Herbest,* 551 A.2d at 446. In the same way, the inference that a defendant was under the influence when he chose to fire a gun is relevant to the recklessness required for a reckless conduct conviction.

[¶ 5] The trial court's instruction was appropriate here, because the jury heard the deputy testify that Shofner's blood-alcohol level of 0.16% was twice the legal limit for driving. Although that testimony was accurate, *see* 29–A M.R.S.A. § 2411(1)(B) (1996) (a person commits OUI by driving with a blood-alcohol level of 0.08% or more), the court's instruction explained the relevant law and made it clear to the jury that the blood-alcohol level of 0.08% or higher raised an inference of intoxication that the jury was free to accept or reject. *See* M.R. Evid. 303(c). The challenged instruction was not error.

[¶ 6] Shofner's other contentions on appeal do not require discussion.

The entry is:

Judgment affirmed.

ALEXANDER, J., with whom SAUFLEY, J., joins, concurring.

[¶ 7] We concur in the Court's opinion. We write separately only to emphasize that while we hold that giving the section 2432(3) inference instruction here was not error, the instruction also was not required in the circumstances of the case.

[¶ 8] Use of inference instructions, not statutorily related to the offense at trial, must be considered with caution, as a jury, hearing the instruction, may give the fact at issue undue significance. Maine rules mandate particular caution:

> The court is not authorized to direct the jury to find a presumed fact against the accused. The court may submit the question of guilt or of the existence of the presumed fact to the jury, if, but only if, a reasonable juror on the evidence as a whole, including the evidence of the basic facts, could find guilt or the presumed fact beyond a reasonable doubt.

M.R. Evid. 303(b).

[¶ 9] Interpreting Rule 303(b), limits on use of inferences, Field & Murray, *Maine Evidence* § 303.4 states:

> It has been suggested that this artificial supplementation of the jury's pool of experience raises the danger of interference with the jurors' overall assessment of the evidence. Because the inference is not founded on the jurors' own experience or perceptions, but is introduced to them by the judge, it is difficult for the jurors to assign to it the proper weight and consideration in relation to other information and inferences on the issues to be tried. There is the risk that too much weight will be assigned to such inferences because they are specially identified and accredited by the court.

[¶ 10] The risk of confusion and undue weight was significant here where an inference of under the influence from the motor vehicle code, title 29–A was used to support a fact of recklessness in the criminal code, title 17–A.

[¶ 11] A Superior Court judge, instructing a jury, may elect not to give an inference instruction where the judge determines that it (i) is duplicative of the instructions presented to the jury; (ii) may confuse the burden and proof issues; (iii) could give undue emphasis to a matter that is not central to a particular case; or (iv) otherwise may tend to divert more than assist the jury.